Deck v. Smith.

PHILIP DECK, PLAINTIFF IN ERROR, v. EMELINE SMITH, DEFENDANT IN ERROR.

1. Replevin: DAMAGES RECOVERABLE ON APPEAL: PRACTICE. In an action of replevin properly brought before a justice of the peace and appealed to the district court, if the ends of justice require it, as where by an increase in the value of the property pending the appeal it exceeds the jurisdiction of the lower court, the appellate court, by amendment, may permit an increase of the alleged value, and a recovery may be had accordingly.

2. ——: ——: CONVERSION. Where property has been delivered to the plaintiff at the commencement of the action under an order of delivery issued by a justice of the peace, who, on the trial, decides in favor of the defendant, and orders a return, from which an appeal is duly taken to the district court, if between the entry of judgment by the justice and the perfection of the appeal, the defendant take and convert the property under the same claim of right, such conversion may be shown as a means of estimating the damages.

3. Married Women. Personal property, the proceeds of money derived by the wife from her father's estate in 1854, in the state of New York, and which she and her husband, in good faith,

have at all times treated and regarded as exclusively her own, although it may have been in their joint possession, and he may have exercised such acts respecting it as under the common law would have amounted to a reduction of it to his own possession, and rendered it liable for his debts, is, nevertheless, by the act of 1871, relative "to the rights of married women," secured to her against any indebtedness of her husband to which she is in no way individually answerable.

4. ———. The fact that the husband was accustomed to list the property for taxation as his own, is not conclusive on the question of ownership; it is at most only evidence proper to be submitted to the jury on that question.

ERROR to the district court for Lancaster county. Tried below before POUND, J. The opinion states the case.

*L. C. Burr*, for plaintiff in error.

1. The court had no jurisdiction. *Bickett v. Garner*, 21 Ohio State, 659. *Wood v. O'Farrell*, 19 Id., 427. *Dowling v. Stewart*, 3 Scam., 194. Gen. Stat., 692, § 1039. *Galley v. County of Tama*, 40 Iowa, 49. *Gates v. Neimeyer*, 54 Iowa, 110.

2. There was error in allowing the evidence to go to the jury, in showing that after the property was taken in replevin, and a subsequent execution was issued and certain property taken on that execution, and no supplemental petition filed. Nothing done in the last execution could be material or competent, and yet the court says in his instructions to the jury, "*and as it appears from the evidence that since this action was commenced* said property was taken and sold by the defendant," seems to us to be clearly misleading the jury, and error on the part of the court. *Ingraham v. Martin*, 15 Me., 373.

3. The evidence shows that husband had reduced property to possession, exercised acts of ownership over it, etc., listed it for taxation in his own name. The judgment ought to be in her favor, and is clearly against weight of testimony and instructions. *Stanton v. Kirsch*,

6 Wis., 338. *First National Bank v. Bartlett*, 8 Neb., 329. Gen. Stat., 465.

*M. H. Sessions*, for defendant in error, cited *Tindall v. Meeker*, 1 Scam., 139. *Cropsey v. Wiggenhorn*, 3 Neb., 108. Comp. Stat., 646, § 1010. *Dressler v. Davis*, 12 Wis., 58. *Pelt v. Pelt*, 19 Wis., 193. Comp. Stat., 401, § 7. *Fuller v. Alden*, 23 Wis., 301. *Knapp v. Smith*, 27 N. Y., 277. *Buckley v. Wills*, 33 N. Y., 518. *First National Bank v. Bartlett*, 8 Neb., 327.

LAKE, CH. J.

This is a proceeding in error to obtain a reversal of a judgment of the district court for Lancaster county. The judgment was in an action of replevin brought into that court by appeal from a justice of the peace. The property replevied was four yearling heifers and twelve hogs. The plaintiff in error, a constable, from whom the property was replevied, had seized it in execution of a judgment against W. H. Smith, the husband of the defendant in error, and as belonging to him.

It is first objected to the judgment that the district court acquired no jurisdiction of the subject matter of the suit by the appeal. This claim is based solely on the ground that the value of the property as alleged in the petition, and found by the jury, exceeded the jurisdiction of a justice of the peace. It appears that the alleged value was increased from one hundred dollars before the justice to one hundred and thirty dollars in the district court. The value, as finally found by the jury, was one hundred and thirty-eight dollars and seventy-five cents. This, it is contended, shows a departure—a new or different cause of action from that brought before the justice of the peace. It is not claimed that the property described in the petition in the district court was any other than that mentioned in the bill of particulars before the justice, and which was actually replevied. There

was, therefore, no departure in this respect. Nor is it claimed that the justice was without jurisdiction to render the judgment appealed from. Therefore, the jurisdiction of the justice over the subject matter being conceded, it follows necessarily, that the district court, by virtue of its general appellate power, was authorized to hear and determine the case *de novo* on the appeal.

While it is doubtless true that, in the appellate court, no new cause of action could be properly introduced, nor damages for the unlawful detention of the property in excess of the amount recoverable before the justice, together with a proper allowance for the delay caused by the appeal, be lawfully claimed, it is not true that the natural increase in the value of the property, to whatever extent it went, might not have been both claimed and recovered, where a return, when ordered, could not be had. To hold otherwise might result in the most flagrant injustice. Take, for example, this very case, where the property in controversy, or the most of it, is shown to have been young stock, which, from its natural growth alone, was probably increasing quite rapidly in value, it is not at all likely that the value in November, 1878, when the case was tried before the justice, was the true measure of the value in March, 1880, when the trial came off in the district court. The plaintiff in error having so disposed of the property pending the litigation that a return could not be had, justice could be done only by requiring of him its value, as the statute in such cases directs. Code, sec. 191 *a*, Comp. Stat., 554. The district court having obtained jurisdiction of the case by the appeal, it not only had authority, but it was its duty to so rule as to do as complete justice between the parties as possible. And if to do this it became necessary to increase the amount claimed, there is no rule of practice preventing it being done. Indeed, such a course is fairly within the contemplation of the code, as by the following provisions is

clearly shown—by section 1010 which provides that in cases appealed to the district court "the parties shall proceed in all respects in the same manner as though the action had been originally instituted in the said court;" and by section 144, which confers upon the court an almost unlimited power of amendment "in furtherance of justice." *Dressler v. Davis,* 12 Wis., 58, fully sustains us in this view.

It is also claimed that it was error to permit the plaintiff below to show a conversion of the property by the defendant during the pendency of the action. The property had been taken and delivered to her under the order of replevin. Afterwards the defendant again seized and sold it under the same judgment. His rights under the last seizure were not different from those under the first one. Indeed, the sale seems to have been made directly in violation of the plaintiff's rights during the litigation. It is true that the justice had decided the case against her, and ordered a return of the property to the constable, who took it the second time between the date of this judgment and the giving of the appeal undertaking. But the appeal was perfected in due time and before the sale took place. Thereupon the officer should have returned the property to her, if he would successfully have guarded himself against a judgment for its value in case of defeat in the appellate court. Under the circumstances it was necessary for the plaintiff to show what had become of the property in order to recover its value. Without this showing—the property having been delivered to her at the commencement of the action—she would have been entitled only to damages for its detention, which, probably, would have been but little if anything more than nominal. There is no error in this particular.

The third and only remaining point to be considered relates to the charge to the jury. It is contended that the first, sixth, ninth, tenth and eleventh instructions

requested on behalf of the plaintiff in error ought not to have been refused.

Mrs. Smith's claim to the ownership of the property was, as the evidence tends to prove, substantially this: Soon after her marriage in 1853, in the state of New York, she received from her father's estate between two hundred and fifty and three hundred dollars in money. This money and the proceeds therefrom, through various investments, she has, with the assent of her husband, continued to hold and manage as her own individual property down to the present time. That the property in controversy was derived from that source. She with her husband removed to this state in 1869, where they have since resided. The testimony, although somewhat conflicting, will sustain this claim.

The first of the instructions refused was to the effect that if "the property by means of which the property in question was acquired, was in the possession of the plaintiff and her husband" prior to the taking effect of the act of 1871, relative "to the rights of married women, then the jury should find for the defendant"—the constable. The idea embodied in this request seems to be that, inasmuch as Mrs. Smith received this inheritance when by the law her husband was entitled to become the owner by reducing it to his possession, she could not hold it as against his creditors under the act just referred to. But even if it were conceded that the personal estate inherited from her father by Mrs. Smith was liable for the satisfaction of her husband's debts prior to the act of 1871, it would by no means follow that such liability would continue after that act took effect, and as to debts subsequently contracted by him. This instruction was really inapplicable to the evidence before the jury and the conceded facts of the case. The indebtedness, for the satisfaction of which the property was seized, was not contracted until May, 1876. It was contracted in this state,

and consequently with especial reference to her marital rights under the then existing laws. Although the husband might possibly have performed acts which, under the rule of the common law, amounted to a reduction of the property to his possession, still, if upon coming to this state in 1869, and thence forward, he has made no claim to it, but both he and his wife in good faith have regarded and treated it as her own, the act of 1871 will protect her in its enjoyment as against any indebtedness of her husband to which she is in no way individually answerable.

The sixth instruction was to the effect that if the jury found that the husband of the plaintiff was the owner of the property, then they should find for the defendant. The substance of this request had been given by the court on its own motion, and it was unnecessary to repeat it. Therefore the refusal to give it was not error.

The ninth and tenth requests relate to the conceded fact that the husband had been accustomed to list the property in question for the purposes of taxation, as his own. It is contended that, if this were done with the wife's knowledge and consent, it was such an act of ownership as would effectually estop her from asserting it afterwards. We cannot so hold. At most it would only be evidence proper to go to the jury as tending in some degree to establish ownership in the husband, and to be given whatever weight upon that question they believed it entitled to receive. Very clearly it should not preclude the wife, if she be the real owner, from asserting and showing her right to it.

The eleventh request does not differ in principle from the first, which we have sufficiently considered. It needs, therefore, no separate or further notice.

We will only add respecting the charge as a whole, that it was quite as favorable to the plaintiff in error as

the evidence and the law of the case would warrant. We discover nothing in the record of which he can justly complain. The judgment must be affirmed.

JUDGMENT AFFIRMED.