ASA S. EDGERLY, APPELLANT, v. E. MARY GREGORY AND JOHN S. GREGORY, APPELLEES.

1. **Married Women:** POSSESSION OF PROPERTY BY HUSBAND. At common law, in order to constitute a reduction of the personal property of the wife to the possession of the husband so as to vest the title to the property in him, the act and the intent to so hold the property, must exist. The mere receiving of the money of the wife as agent or trustee with the purpose of investing it in real estate in the name of the wife would not be such reduction if the investment were made prior to the existence of the indebtedness to the satisfaction of which the property is sought to be appropriated.

2. ———: DEBTS. Real estate purchased with money inherited by the wife from the estate of her father and placed in the hands of

the husband as agent or trustee for the purpose of having it invested in real estate in the name of and for the wife, will not be held liable for the separate debts of the husband, where the money was invested in such real estate after the passage of the act of 1871 relative to the rights of married women, and before the existence of the indebtedness of the husband for the satisfaction of which the property is sought to be applied.

3.  **Findings Sustained.**  Conclusions of law reported by the referee, *Held,* Sustained by the findings of fact.

APPEAL from Lancaster county district court.  Heard below before POUND, J.

*Ryan Brothers,* for appellant.

*J. S. Gregory,* for appellees.

REESE, J.

This action was brought for the purpose of subjecting certain real estate to the payment of the debts of John S. Gregory.  The judgment, to the satisfaction of which the property is sought to be subjected, was rendered on the 4th day of October, 1871, by the district court of Lancaster county in favor of plaintiff in an action then pending wherein Asa S. Edgerly (this plaintiff) was plaintiff, and James H. McMurtry, John S. Gregory, and John M. Young were defendants.  Executions having been returned unsatisfied, a levy was made upon the property in question, which is held in the name of defendant, E. Mary Gregory, the wife of John S. Gregory, which levy was followed by the commencement of this action.  The cause was by the district court referred to N. S. Harwood, Esq., of the Lancaster county bar, for the purpose of hearing the testimony and reporting his findings of fact and conclusions of law.  The findings of fact and conclusions of law are as follows:

### FINDINGS OF FACT.

"1. That said defendants, John S. and E. Mary Gregory, were married in Ohio in the year 1857.

" 2. That in the years 1868 and 1869 the defendant, E. Mary Gregory, inherited from her deceased father's estate, in Michigan, the sum of nine thousand dollars, which sum, at the time aforesaid, in the state of Michigan, the defendant, E. Mary Gregory, paid over to her said husband, John S. Gregory, with the understanding that the said sum should be invested in real estate in Nebraska in her name.

" 3. That John S. Gregory and his wife, at the time of receiving said money in. Michigan, were citizens and residents of Nebraska, but whether said sum of money or any part thereof was, at the time above mentioned, brought to Nebraska and invested by said John S. Gregory, or whether it was invested in the state of Michigan or elsewhere, or used in his own private business, does not appear from the testimony.

" 4. That between the 19th day of September, 1873, and the 10th day of October, 1876, real estate was purchased in Nebraska in the name of E. Mary Gregory, by or through the instrumentality of said John S. Gregory, aggregating in value nine thousand dollars and upwards, some portion of which she still holds, but what portion or what particular tracts or tract does not appear from the testimony. For a complete list of real estate so purchased and the value thereof, reference is here made to the stipulation of the parties hereto subjoined and included in said testimony.

" 5. That the judgment on which this creditor's bill is based (Asa S. Edgerly vs. J. H. McMurtry, John M. Young, and John S. Gregory) was rendered in the district court of Lancaster county, Nebraska, on the 4th day of October, 1876, for the sum of six hundred and five dollars and seventy-nine cents, and costs.

" 6. That all the real estate above mentioned was purchased and the title thereto taken in the name of the defendant, E. Mary Gregory, prior to the rendition of the plaintiff's judgment, except the n. $\frac{1}{2}$ of the n. e. $\frac{1}{4}$ of the

n. e. $\frac{1}{4}$ of the n. w. $\frac{1}{4}$ of section thirty-four, town ten, range six east, which tract does not now appear to be in the name of E. Mary Gregory.

" 7. That the defendant, John S. Gregory, is and has been for the past fifteen years insolvent.

" 8. That prior to the filing of the petition in this case the plaintiff caused execution to be issued out of the district court in the case of Edgerly vs. McMurtry et al., and a levy made on all of the lands, the title to which had at some time between September 19, 1873, and the date of said levy, been in E. Mary Gregory. But the evidence shows and it is conceded that all of the property so levied on was conveyed to the defendant, E. Mary Gregory, before the rendition of said plaintiff's judgment."

### CONCLUSIONS OF LAW.

1. "I find as conclusions of law, that the nine thousand dollars so as aforesaid received by the defendant, John S. Gregory, from his said wife's estate was received in trust for a special purpose and did not become his own property.

2. "That the said money having been placed in real estate in the name of the defendant, E. Mary Gregory, according to the terms of the said trust, before any equities arose in behalf of this plaintiff, he is not in a position to complain.

3. "That the plaintiff has no cause of action against the defendant, E. Mary Gregory, and that his petition as to her should be dismissed with costs."

Exceptions were taken and a motion was filed by plaintiff to set aside the report of the referee. All of which were overruled, the report of the referee confirmed, and the action dismissed. Plaintiff appeals to this court.

It is not claimed, nor do we think it could be successfully, that the findings of fact as reported by the referee are not sustained by the evidence submitted to him. We have examined the record and are satisfied that the report

of the referee is correct. Aside from certain records and a stipulation agreeing to the values of certain real estate, the evidence was confined to extracts from a deposition of E. Mary Gregory, taken in another cause, which were read by plaintiff, and the oral testimony of John S. Gregory on behalf of the defense. The deposition tended to show that Mrs. Gregory was not familiar with the business as transacted by her husband, and particularly so as to the description and numbers of the real estate purchased and sold by him in her name. The testimony of Gregory showed that in the years 1868 and 1869 Mrs. Gregory received the sum of $9,000 from the estate of her deceased father in Michigan, and that at her request he had invested it in real estate in and near Lincoln.

Taking, then, the report of the referee upon questions of fact as correct, the remaining question presented is, does the findings of fact sustain the conclusions of law as reported by him?

It is claimed by plaintiff that as the nine thousand dollars was received in the years 1868 and 1869, and as the law authorizing married women to hold property in this state was not passed until 1871, we must look to the common law for light as to the owership of the money with which these purchases of real estate were made. That the money having been, before the passage of the law, reduced to possession by Gregory it became his absolute property, and there being no promise on his part to repay it there was no legal indebtedness on his part, and hence the conveyance to his wife should be treated as fraudulent, and the property held for the payment of his debts. In this investigation we encounter some difficulties which seem to overcome the position assumed by plaintiff. There is no proof, and the referee does not find, that the money of Mrs. Gregory was ever invested by her husband in any property or business of his own, and that as early as the year 1873, two years after the passage of the law above referred

to, and three years before the date of plaintiff's judgment, the investment began, and that all the property was purchased in the name of Mrs. Gregory by her husband. In that case if the purchase was made for her out of the funds placed in his hands by her for that purpose it would be wholly immaterial to plaintiff as to what use her money was put. In order to constitute such a reduction of the property of the wife to the possession of the husband the act and the intent must exist. A promise to invest for the wife is not such a reduction to possession as to make the property or its proceeds liable to the payment of his debts, and especially so if the investment is made in pursuance of the promise prior to the existence of the indebtedness. The fact of his being a trustee or agent for the wife will not debar her claim to the property. *Wall v. Tomlinson,* 16 Ves., 413. *Dunn v. Sargent,* 101 Mass., 336. *Ryland v. Smith,* 1 M. & C., 53. *Savage v. Benham,* 17 Ala., 119. *Barron v. Barron,* 24 Vt., 375.

In *Deck v. Smith,* 12 Neb., 394, Chief Justice Lake, in writing the opinion of the court, in speaking of an instruction which had been refused by the trial court, says: " The idea embodied in this request seems to be that, inasmuch as Mrs. Smith received the inheritance, when by the law her husband was entitled to become the owner by reducing it to his possession, she could not hold it as against his creditors under the act just referred to (1871). But even if it were conceded that the personal estate inherited from her father by Mrs. Smith was liable for the satisfaction of her husband's debts prior to the act of 1871, it would by no means follow that such liability would continue after that act took effect, and as to debts subsequently contracted by him."

The conclusions of the referee, that the $9,000 was received by John S. Gregory in trust for a special purpose, and that it did not become his property, and that the money having been placed in real estate in the name of

Mrs. Gregory according to the terms of the trust before any equities arose in behalf of ·the plaintiff, are supported by the findings of fact and must stand.

The decree of the district court is affirmed.

DECREE AFFIRMED.

THE other judges concur.