Howard  Whitney  v.  Harriet  Preston.

[Filed March 26, 1890.]

1. **Stare Decisis.** All the material facts in this case bearing upon the question of the ownership of the property being the same as those involved in *Deck v. Smith*, 12 Neb., 389, the decision in that case controls this.

2. **Conversion: Wrongful Levy.** When a sheriff levies upon and takes into his possession, under an execution, personal property owned by a person other than the judgment debtor, which he afterwards sells under the writ, such acts constitute a conversion from the date of the levy.

3. **Pleading: Reply After Verdict.** It is not an abuse of discretion to permit a reply to be filed after verdict in a case tried by both parties without objection, upon the theory that the allegations of the answer are denied.

4. The instructions to the jury examined and approved.

5. The defendant's request properly refused, as not being applicable to the evidence.

Error to the district court for Sarpy county. Tried below before Groff, J.

*Martin Langdon*, for plaintiff in error, cited: *Dubois v. Jackson*, 49 Ill., 49; *Tinkler v. Cox*, 68 Id., 119; *Reeves v. Webster*, 71 Id., 307; *Jassey v. Delius*, 65 Id., 469; *Kahn v. Wood*, 82 Id., 219; *Humes v. Scruggs*, 94 U. S., 27; *Knowlton v. Mish*, 17 Fed. Rep., 198; *Robinson v. Brem*, 90 Ill., 353; *Wilson v. Loomis*, 55 Id., 352; *Patton v. Gates*, 67 Id., 165; *Elijah v. Taylor*, 37 Id., 247; *Brownell v. Dixon*, 27 Id., 197; *Wortman v. Price*, 47 Id., 24; *Glover v. Alcott*, 11 Mich., 478; *Hallowell v. Horter*, 35 Pa. St., 380; *First Nat. Bank v. Bartlett*, 8 Neb., 329; *Lipscomb v. Lyon*, 19 Id., 515.

*James P. Grove*, contra, cited: *Deck v. Smith*, 12 Neb., 394; *Broadwater v. Jacoby*, 19 Id., 80.

NORVAL, J.

This action was brought by the defendant in error against the plaintiff in error in the district court of Sarpy county to recover the value of certain personal property which, it is claimed, he converted to his own use.

The petition of the plaintiff filed in the lower court alleges "that on the 28th day of June, 1888, she was the owner and in possession of the following described goods and chattels, to-wit: Five five-year old milch cows, three two-year olds, one four-year old milch cow, one six-year old cow, one yearling heifer, one Holstein bull, one 'Olds' lumber wagon, one two-seated spring wagon, and seven head of hogs, said property being of the value of $532; that on the 28th day of June, 1888, the defendant wrongfully and unlawfully seized and took from the possession of the plaintiff the aforesaid goods and chattels and converted the same to his own use, to the damage of the plaintiff in the sum of $600."

The defendant answered, denying each and every allegation of the petition, and further answering, alleged "that he was the sheriff of Sarpy county on June 28, 1888 ; that the clerk of the district court of said county issued two executions, one for $157, the other for $158, in favor of the Pitts Manufacturing Company against James H. Preston, the husband of the plaintiff, and delivered the same to the defendant; that, as such sheriff, he levied upon the property described in the petition as the property of the said James H. Preston, who was in fact the owner thereof and had the same in his possession, under his control on his farm in Plattford precinct, Sarpy county, on June 28, 1888 ; that the said property was assessed in the name of James H. Preston."

The verdict was returned for the plaintiff, assessing her damages at $600, and the defendant, having filed a remittitur of $120, a judgment was rendered for $480.

The testimony shows that in December, 1867, James M. Carr died, leaving the plaintiff as his widow, and some two years later she married James H. Preston, who is 'the defendant in the executions. At the time of her marriage to said Preston she owned in her own right and had in her possession twelve head of cattle and sixteen hogs, the greater portion of which were purchased from moneys obtained from the estate of her first husband, James M. Carr. It is undisputed that the cattle and hogs levied upon by defendant as the property of James H. Preston were a part of the increase of the stock owned by the plaintiff at the time of her marriage to Preston. With the exception of one year, she and Preston have lived on the farm owned by Carr at the time of his death, in which she has a dower estate. Preston, since his marriage to the plaintiff, purchased this land subject to her right of dower. The personal property which plaintiff owned when she married Preston, and the increase thereof, except the portion sold from time to time, was kept on this farm and cared for by him. There is testimony tending to show that each year she settled with Preston for his labor and feed bestowed upon the stock, and she usually gave the directions in regard to its sale. One of the wagons she bought and paid for some four years ago, and the other she drew in some kind of a gift distribution. It also appears that most of the time the husband listed the property for taxation in his own name. The property was seized by the defendant sheriff on two executions issued against the husband of the plaintiff.

It is contended by the plaintiff in error that the cattle and hogs owned by the defendant in error when she married her present husband became his absolutely under the common law as it existed prior to the taking effect of the act of 1871, giving married women the right to control her separate estate, and therefore the increase of such stock is liable for his debts. There is no claim that the indebted-

ness on which the executions were issued was contracted prior to 1871, or that it was incurred on the faith of the husband being the owner of the property. Both husband and wife treated the same as belonging to her.

The facts in the case we are considering are substantially the same as in *Deck v. Smith*, 12 Neb., 389, and the rule there established must govern here. The following is the third point of the syllabus in that case: "Personal property, the proceeds of money derived by the wife from her father's estate in 1854, in the state of New York, and which she and her husband in good faith have at all times treated and regarded as exclusively her own, although it may have been in their joint possession, and he may have exercised such acts respecting it as under the common law would have amounted to a reduction of it to his own possession, and rendered it liable for his debts, is, nevertheless, by the act of 1871, relative 'to the rights of married women,' secured to her against any indebtedness of her husband to which she is in no way individually answerable." Under the decision above referred to it cannot be doubted that the testimony fully sustains the finding of the jury.

Exceptions were taken on the trial by the defendant to the giving and refusing of certain instructions. The court instructed the jury as follows:

"1. The plaintiff sues the defendant and claims that on the 28th day of June, 1888, she was the owner and in possession of the following goods and chattels: Five five-year old milch cows, three two-year olds, one four-year old milch cow, one six-year old cow, one yearling heifer, one Holstein bull, one 'Old's' lumber wagon, one two-seated spring wagon, and seven head of hogs, which she claims were of the value of $532; that on said 28th day of June, 1888, the defendant wrongfully and unlawfully seized and took from the possession of the plaintiff all of said property and converted the same to his own use, to her damage in the sum of $600. (Defendant excepts.)

" 2. The defendant in his answer denies each and every allegation in the plaintiff's petition contained. He then sets out in his answer, that he seized the property set out in plaintiff's petition under and by virtue of two executions from this court against one J. H. Preston, the husband of the plaintiff, and that under and in pursuance of said executions he sold the property to satisfy said executions. (Defendant excepts.)

" 3. That if the jury believe from the evidence in this case that the property in question levied upon by the defendant sheriff was owned and controlled by the plaintiff at the time of her marriage, then such marriage would not divest the same from continuing as her sole and separate property, and such property, if her own, would not be liable for the debts of her husband, and could not be seized under execution therefor.

" 4. If the plaintiff has established by a fair preponderance of the evidence that the property levied upon by the defendant under and by virtue of an execution was, in fact, at the time of said seizure the separate property of the plaintiff Harriet Preston, owned and held by her, that then the plaintiff is entitled to recover the fair market value of the property so taken, as shown by the evidence in the case. (Defendant excepts.)

" 5. That the fact that all or any part of the property levied upon had been listed for taxation by the husband of the plaintiff Harriet Preston, either with or without her knowledge and consent, would not afterwards debar her from asserting her ownership to the property. The fact of such listing is to be given by the jury whatever weight they think it is entitled to receive, along with all the other evidence in the case, to aid them in determining the ownership of the property. (Defendant excepts.)"

The first and second of the instructions fully stated the issues to the jury, and no error was committed in giving them. No exception was taken to the giving of the third instruction, and it will not therefore be considered.

No criticism is offered in brief of counsel for plaintiff in error to the fourth charge of the court. While a model for brevity, it contained a clear statement of the law of the case; it left to the jury the question of the ownership of the property.

The fifth instruction correctly stated the effect to be given by the jury to the fact that the property had been listed for taxation by the husband in his own name. While the fact that the property had been so listed was proper evidence to go to the jury, as tending to establish that the husband was the owner thereof, yet it was not conclusive upon the wife. (*Deck v. Smith, supra.*)

It is contended that the court erred in refusing to give the following instruction requested by the defendant: "You are instructed that if the plaintiff's husband cultivated the farm and took care of said cattle and hogs, and the increase of the same, since said parties were married without any compensation for the same, then you will find that said James H. Preston had an interest in said cattle and hogs; you further find that said plaintiff had control and listed said property in his own name, and managed the same with her consent, and held out to the world that the same belonged to him, then you will find for defendant."

This request was rightly refused, as not being based upon the evidence. All the testimony in the bill of exceptions upon the subject of compensation of the husband for caring for the stock, although not of the most satisfactory character, tended to show he received pay therefor. However, if the cattle and hogs were the sole and separate property of the wife, and the husband cared for them without any agreement as to remuneration, he would acquire no interest therein. (*Broadwater v. Jacoby*, 19 Neb., 80.) If, as contended, the furnishing of labor and feed gave the husband an interest in the stock, yet that would not warrant an instruction to return a verdict for the defendant. The sheriff could not levy upon and sell the interest of the wife for

his debts. The latter part of the request reads: "You further find that said *plaintiff* had control and listed said property in his own name and managed the same with her consent, and held out to the world that the same belonged to him, then you will find for the defendant." It is evident that the word "husband" should have been inserted after "plaintiff." If it was requested, as copied into the record, it was properly denied, for we find no evidence that the plaintiff ever listed the property in the husband's name, nor that she held out to the world that it belonged to him.

It is urged that the court erred in permitting the plaintiff to file a reply to the defendant's answer after verdict. The testimony shows that both the parties tried the case upon the theory that the allegations of the answer were denied. The defendant put in evidence the assessment lists of the husband and other testimony tending to show that he was the owner of the property. The defendant was not prejudiced by this ruling of the court.

After the testimony was all in, the defendant's attorney moved "to dismiss the action for the reason that it was commenced before the conversion of the property by the defendant." This motion was denied. The action was commenced in the district court July 12, and while the property was not sold until July 16, it was levied upon and taken into the possession of the defendant June 28. The conversion, therefore, took place at the date of the levy, which was prior to the bringing of the suit.

We have examined the defendant's objections to the rulings on the introduction of the testimony and observe no prejudicial error therein. The judgment of the district court is right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.