JOHN W. HARRIS ET AL. V. WEIR-SHUGART COMPANY.

FILED MAY 5, 1897.   No. 7265.

1. **Husband and Wife: AGENCY.**  A husband may act as the agent of his wife in the management of her separate trade and business.

2. ————: ————.  Evidence *held* insufficient to sustain the findings of the trial court.

ERROR from the district court of Fillmore county. Tried below before HASTINGS, J. *Reversed.*

*J. J. Buchanan* and *Smith & McCreary*, for plaintiffs in error.

*Charles H. Sloan, contra.*

NORVAL, J.

Weir-Shugart Company obtained a judgment in the county court of Adams county on February 8, 1890, against John W. Harris in the sum of $372.42, besides costs. A certified transcript of the judgment was duly filed and docketed in the district court of Fillmore county, and an execution was issued thereon May 26, 1893, which was returned the next day by the sheriff wholly unsatisfied for want of property of the defendant whereon to make a levy. Whereupon an affidavit in garnishment was filed under the statute by an agent of the plaintiff, a summons in garnishment was issued, which was served upon J. W. Anderson, H. L. Smith, and W. H. Stewart. The garnishees answered, the examination of each disclosing that he had purchased a buggy from the defendant; that the purchase price had not been paid, and he did not know to whom the same belonged. The district court thereupon made an order that the several amounts testified to by the garnishees, amounting in the aggregate to $146, be paid by them into court, to await its further order in the premises. Mary R. Harris, the wife of John W., intervened and claimed the money in controversy as belonging to her in her own right. Issues were formed, and upon the trial thereof to a jury they were determined against Mrs. Harris and in favor of plaintiff, and to the latter the court directed the payment of said $146.

The sole question in the case is, to whom did the money belong? The facts bearing upon the question of ownership, as established by the evidence adduced on the trial,

are as follows: On May 28, 1887, one J. R. Moler sold and, by deed of general warranty, conveyed to Mrs. Clara Harris, at that time the wife of the defendant John W., certain real estate situate in the city of Hastings, which was subsequently occupied by the Harrises as a homestead. On the 25th day of May, 1891, they conveyed the premises to Ellen Harris, an unmarried sister of the said John W. In August of the same year Clara Harris died, and in August, 1892, the said John W. and Mary R. were married. Ellen Harris conveyed the same real estate to the said Mary R. Harris in March, 1893, who shortly thereafter executed and delivered to her husband a power of attorney to transact in her name the business of buying and selling buggies, wagons, etc., to execute deeds and mortgages for her, sign and accept drafts and checks, and do every other thing which would be necessary to the carrying on of the said business. On May 6, 1893, Mr. Harris, in the name of his wife, purchased from the Standard Wagon Company a carload of wagons and buggies for the agreed price of $1,477.50, and the same were consigned to Mary R. Harris, Hastings, Nebraska, the bill of lading giving the right to stop at Fairmont to unload part of the car. The wagons and buggies were paid for out of the money borrowed in the name of Mrs. Harris from A. L. Clark, of the First National Bank of Hastings, which loan was secured by mortgage upon her said real estate. When the car reached Fairmont several of the buggies were unloaded, and thence they were taken to Geneva by Mr. Harris, where a portion of them were sold by him at auction. A plate was on the rear cross-bar of each vehicle containing the words, "Manufactured for M. R. Harris, Hastings, Nebraska." The sale had been previously advertised in her name, and it was at said sale that the garnishees purchased the three buggies on the day that the garnishment proceedings were commenced. Under the foregoing facts, Mrs. Harris requested the court to direct a verdict in her favor, which the court declined to do, and an exception was noted. This instruction

should have been given, and it was error to refuse it. There is not a particle of testimony to be found in the record to show that Mr. Harris ever had any interest in the buggies, or that he contributed to the extent of a penny to the consideration for the real estate which was mortgaged to secure the payment of the money which was paid for the buggies. The statute gave Mrs. Harris the right to carry on business in her own name, and her husband could act as her agent in its management. It is a question of fact to be determined whether the business was in good faith carried on by the husband for the wife for her benefit, or as his own enterprise in her name for the purpose of defrauding his creditors. (*Whitney v. Preston,* 29 Neb., 243; *Walker v. Carrington,* 74 Ill., 446; *Hossfeldt v. Dill,* 28 Minn., 469; *Kutcher v. Williams,* 40 N. J. Eq., 436.) The proofs fail to show any fraud in the transaction, but on the contrary, if the witnesses are truthful, the buggies, and the proceeds arising from their sale, belonged exclusively to Mrs. Harris, and hence are not liable for the payment of her husband's debts. The judgment is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.