FRANKLIN BANCHOR, APPELLANT, V. CHARLES A. LOWE,
APPELLEE.

FILED MARCH 20, 1909.   No. 15,614.

Pleading: AMENDMENT AFTER DECREE. Plaintiff in his petition to re-
deem from a tax sale made a clerical mistake by which he de-
scribed the land as the S. W. ¼ instead of the N. W. ¼, and at
the same time filed a *lis pendens* correctly describing the land.
The mistake was not discovered until after a decree had been
entered, which also contained the misdescription. Plaintiff
promptly, after discovering the mistake, upon due notice to coun-
sel for defendant, moved the court for leave to amend so as to
correct the error. The district court overruled the motion. *Held*,
Error.   Code, sec. 144.

APPEAL from the district court for Keya Paha county:
JAMES J. HARRINGTON, JUDGE.   *Reversed.*

*W. C. Brown,* for appellant.

*H. M. Duval* and *C. E. Lear, contra.*

FAWCETT, J.

On February 21, 1905, defendant Charles A. Lowe
purchased the N. W. ¼ of section 14, township 33, range
17, in Keya Paha county, at a judicial tax sale for the
taxes of the years 1894 to 1899, inclusive. Plaintiff was
the owner of the land. On February 5, 1907, plaintiff
filed a petition to redeem from such tax sale, but, by a
clerical error, described the land as the S. W. ¼ instead of
the N. W. ¼. Summons was duly served. On March 9,
1907, defendant appeared by Duval & Amspoker, his at-

54

torneys, and moved to strike the petition, for the reason that it had not been signed and verified, which motion was sustained. Plaintiff thereupon filed what he termed an alias petition, which was duly signed and verified. This petition seems to have been copied from the original, and contains the same clerical mistake. Defendant made no further appearance in the case. On May 7, 1907, plaintiff obtained a decree, which found the amount necessary to redeem, the sum of $77.86, and decreed redemption upon the payment of that sum into court. The decree contains the same misdescription of the land. Plaintiff's attorney testifies that defendant's attorney was present in court at the time the decree was entered, and assisted in making the computation of the amount necessary to redeem for insertion in the decree. This defendant's attorney denies. After the adjournment of that term of court plaintiff's counsel discovered the error in the description, and on July 11, 1907, filed a motion supported by affidavit for leave to amend the petition so as to correctly describe the land sought to be redeemed. On November 11, 1907, the court entered an order finding that notice of the motion for leave to amend had been served on the defendant on May 7, 1907, and that defendant was present in court by attorneys C. E. Lear and H. M. Duval, and that plaintiff was in court by his attorney W. C. Brown, but, on consideration of the motion, overruled and denied the same. To this order plaintiff duly excepted, and has brought the case here for review.

We think the court erred in not permitting the amendment to be made. Section 144 of the code provides: "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading

or proceeding to the facts proved." As early as *Deck v. Smith,* 12 Neb. 393, we held that this section confers upon the court an almost unlimited power of amendment "in furtherance of justice"; and this is still the rule. In this case the record shows that on the same day plaintiff filed his original petition he also filed a *lis pendens,* which correctly described the land. This, together with the fact that no other lands in the county were similarly involved, was sufficient to advise the defendant that plaintiff's action was to redeem from tax sale his land which defendant had purchased. It would be a great injustice, and would violate both the letter and spirit of section 144 of the code, to permit defendant to obtain plaintiff's land for the mere pittance of a tax when plaintiff was making a timely attempt to redeem the same. No injustice would have been done the defendant by permitting the amendment, while a great injustice was done the plaintiff by denying it. It was for just such cases as this that section 144 of the code was adopted.

The judgment of the district court is reversed and remanded, with directions to permit the plaintiff to amend his petition as prayed.

REVERSED.