## John C. Henderson v. William Desborough.

*Replevin : Justice of the peace : Value : Jurisdiction.* Where the affidavit, writ and declaration in replevin before a justice of the peace set forth the value of the property as less than one hundred dollars, and the defendant has pleaded the general issue, the fact that the plaintiff's own testimony shows the value of the property to be more than one hundred dollars does not oust the justice of jurisdiction; the question of jurisdiction, as depending on the value of the property, if not closed by the affidavit for the writ, was certainly not open under the general issue.

*Replevin : Justice of the peace : Judgment : Damages : Amount.* Whenever in replevin before a justice, the defendant becomes entitled to recover for the value of the property taken from him on the writ at the instance of the plaintiff, the judgment for the value and for damages in the aggregate is not limited to one hundred dollars, but may be for the real amount proved by the evidence, not exceeding five hundred dollars, the limit fixed by our constitution.

*Heard October 7. Decided October 21.*

Error to Lapeer Circuit.

*Maynard & Davison* and *Gaskill & Geer,* for plaintiff in error.

*M. E. Crofoot,* for defendant in error.

GRAVES, J.

Desborough prosecuted Henderson in replevin before a justice of the peace, and in his affidavit made to obtain the writ he described the property in question as a cow and heifer, and alleged them to be of the value of ninety-nine dollars, and not exceeding in value one hundred dollars.

The writ being issued on such affidavit, the cattle were seized upon it and delivered to Desborough. On the return day of the process, Desborough appeared and declared in the usual form, and alleged the value of the property to be ninety-nine dollars, and his damage on account of the detention twenty-five dollars. And Henderson thereupon pleaded the statutory general issue.

On a subsequent day, and before another justice to whom

the cause had been transferred, the parties appeared and proceeded to try the issue so formed by the pleadings. Desborough testified in his own behalf, and produced some other evidence, and then rested. And it having appeared from his testimony that the cattle were worth one hundred and fifteen or one hundred and twenty dollars, and more than one hundred dollars, the justice, on Henderson's motion, adjudged that the value of the property exceeded the jurisdiction, and that the cause should be dismissed therefor.

Thereupon Henderson waived return of the property, and the justice received evidence upon the value, and gave judgment in favor of Henderson and against Desborough for one hundred and forty dollars, besides costs, which were taxed at five dollars and eighty-nine cents.

Desborough subsequently removed the cause by *certiorari* to the circuit court, and assigned for error that the justice erred in holding that his jurisdiction to try the case on the merits was excluded by the circumstance that the plaintiff's testimony showed that the property was of greater value than one hundred dollars, and also assigned for error that the justice erred in giving judgment against the plaintiff for an amount exceeding one hundred dollars, in replevin.

The circuit court reversed the judgment, and Henderson has brought the case here on writ of error, and now insists that the justice decided rightly when he refused to try the issue joined upon the merits after the testimony of the plaintiff that the property was worth over one hundred dollars, and that he also decided rightly when, after holding that he lacked jurisdiction to investigate the merits, he proceeded to give judgment for the defendant for more than one hundred dollars.

If the justice erred on either of the points mentioned, then the judgment of reversal by the circuit court was correct, and must be affirmed. We think it very clear that the justice did err in holding that the showing by the

plaintiff's testimony on the issue joined, that the property was worth more than one hundred dollars, took away his jurisdiction to proceed with the case on the merits. The counsel for plaintiff in error admit that the affidavit, writ and declaration gave the justice jurisdiction of the parties and the subject matter up to the time of trial, but he contends that as it then appeared, from the plaintiff's testimony, that the value of the cattle exceeded one hundred dollars, the justice was ousted of his jurisdiction by the plaintiff's own showing.

We cannot accede to this view. It is undoubtedly true that the justice obtained jurisdiction as admitted by the counsel for plaintiff in error; but we think that the fact that the plaintiff in replevin testified that the property was worth more than one hundred dollars, did not divest the jurisdiction.

The right of the justice to proceed in the case, and dispose of it upon the merits, so far as any objection founded on the value of the property was concerned, was complete when the parties proceeded to trial upon the general issue, if not before. The question of jurisdiction, as depending on the value of the property, if not closed by the affidavit for the writ, was certainly not open under the general issue.

That plea was to the merits, and by putting it in and going to trial upon it without objection, the defendant admitted the authority of the justice to investigate the merits. The justice therefore erred in holding that his right to try the case was determined, and in giving judgment for the defendant in replevin on that ground, and as a consequence the judgment of reversal in the court below was correct.

This conclusion would excuse any inquiry as to whether the justice, if the case had been so circumstanced as to justify a judgment against the plaintiff for the value, would have been authorized to give one beyond one hundred dollars. Still, in view of the circumstances of the case, and of the doubt which, it seems, hangs over the point,

we deem it expedient to state our opinion that whenever, in replevin before a justice, the defendant becomes entitled to recover for the value of the property taken from him on the writ at the instance of the plaintiff, the judgment for the value and for damages in the aggregate may, in consequence of the statutory terms in which the general juris-diction is given (*Comp. L.*, § *5249*), and the special and exceptional provisions regulating replevin (*Comp. L.*, § *5291* and the four following sections, also *Comp. L.*, §§ *6758, 6759*), be rendered for the real amount, whatever it may be, proved by the evidence, and not exceeding the limit fixed by the constitution, which is five hundred dollars.—*Const., Art. VI.*, § *18.*

If therefore the justice had committed no error in his earlier ruling, his judgment could not have been reversed for being above his jurisdiction. But as he was wrong in holding that he lacked power to try the case on the merits, the reversal was correct, and must be affirmed, with costs.

CAMPBELL and COOLEY, JJ., concurred.

CHRISTIANCY, CH. J., did not sit in this case.