JOHN S. LEE ET AL., PLAINTIFFS IN ERROR, V. HASTINGS & MCGINTIE, DEFENDANTS IN ERROR.

1.  **Replevin:** JUDGMENT.   A judgment in an action of replevin, under the act of 1873, must be in the alternative—for a return of the property, or in case a return cannot be had the value thereof, unless it is shown by the record that a return could not have been had.

2.  ——: ——: LIABILITY OF SURETIES.   While an action of replevin was pending, the attorneys for the plaintiff and defendant stipulated that there could be no return of the property, and that the value thereof was $157.50, and judgment was thereupon rendered for that sum, but not for a return of the property An execution was then issued and returned unsatisfied, and an action brought upon the undertaking for the amount of the judgment.   The sureties answered that the property was then. in possession of the plaintiff in the county where the action was pending.   *Held*, That as the action was for the recovery of specific personal property the answer stated a defense, as the sureties were not liable for the value of the property unless a return thereof could not be had.

3.  ——: ——: ——.   An answer that $44.00 upon an open account between the plaintiff and defendant was improperly included in a judgment for the value of the property, is available to a surety as a defense *pro tanto*.

ERROR to the district court for Saline county.   Tried below before WEAVER, J.

*J. R. Webster*, for plaintiff in error.

*Hastings & McGintie, pro se.*

MAXWELL, J.

This is an action upon an undertaking in replevin in an action commenced before a justice of the peace. The undertaking is dated May 8th, 1880, and was given in an action wherein one John C. McDonald was plaintiff and Thomas B. Parker defendant, Lee and Hitchcock signing the same as sureties. As the value of the property exceeded $100, the cause was certified to the district court, where a stipulation was entered into between the attorneys for McDonald and Parker, as follows:

"JOHN C. D. McDONALD $\left.\right\}$ *Stipulation.*
vs.
THOMAS B. PARKER.

"It is hereby stipulated and agreed that at the commencement of this action the interest of the said defendant Thomas B. Parker in the property mentioned and described in plaintiff's petition was $157.50, and that the said property was of the value of two hundred dollars, that said property cannot be returned, and that said defendant recover of and from said plaintiff the sum of $157.50 and costs.
"M. B. C. TRUE,
"*For Plff.*
"HASTINGS & McGINTIE,
"*Attys. for Deft.*"

Judgment was thereupon rendered on the stipulation against McDonald and in favor of Parker for the sum of $157.50 and costs, and execution was issued thereon, which was returned unsatisfied. Judgment is prayed for $157.50 and costs.

To the petition stating the above facts, the defendants below (plaintiffs in error) answered in substance that the

above stipulation was made in a cause to which they were not parties, and without their knowledge or assent, and that the property at the time the stipulation was entered into was in possession of McDonald, in the town of Wilber, and so continued for a long time thereafter, and was then in good condition and capable of being returned, which said attorneys well knew.

*Second.* That in the settlement of the terms of stipulation taken between Parker and McDonald an unsecured debt of $44, owing by McDonald to Parker, was included in the stipulation and judgment rendered thereon, although that liability did not grow out of the action in replevin.

*Third.* Parker's interest in said mortgaged property was that of mortgagee under a chattel mortgage dated May 27, 1879, to secure certain promissory notes for the sum of $200; that said mortgage was duly filed for record, and at the date of the stipulation was a first lien on the mortgaged property; that on the fifteenth day of April, 1881, Parker, by his attorney, released said mortgage and thereby defrauded the defendants of the right to be subrogated to the lien of said Parker to the property. A demurrer to each count of the answer was sustained, and judgment rendered against the plaintiffs in error for the sum of $182.

The first question presented is as to the form of judgment in replevin.

Sec. 190 of the code (Comp. Stat., 553) provides that: "If the property has been delivered to the plaintiff, and judgment be rendered against him on demurrer, or if he otherwise fail to prosecute his action to final judgment, the court shall, on application of the defendant or his attorney, impanel a jury to inquire into the right of property and right of possession of the defendant to the property taken. If the jury shall be satisfied that said property was the property of the defendant at the commencement of the action, or if they shall find that the defendant was entitled to the possession only of the same at such time, then, and

in either case, they shall assess such damages for the defendant as are right and proper; for which, with costs of suit, the court shall render judgment for the defendant."

Sec. 191 provides that: "In all cases, when the property has been delivered to the plaintiff, where the jury shall find upon issue joined for the defendant, they shall also find whether the defendant had the right of property or the right of possession only at the commencement of the suit; and if they find either in his favor, they shall assess such damages as they think right and proper for the defendant; for which, with costs of suit, the court shall render judgment for the defendant."

Sec. 191 (a) provides that: "The judgment in the cases mentioned in sections 190 and 191 and in section 1041 of said code, shall be for a return of the property, or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property, and costs of suit."

The act requiring judgment to be rendered for a return of the property, or the value thereof in case a return cannot be had, was passed in 1873. Since that act took effect, judgment in all cases, either before a justice of the peace or in the district court, must be in that form unless it is shown by the record that a return could not have been had. The object of an action of replevin is to recover specific personal property, and the liability for the value of the property accrues only where a return of the property cannot be had. *Mitchum v. Stanton,* 49 Cal., 302. *Clark v. Norton,* 6 Minnesota, 277. *Ladd v. Brewer,* 17 Kas., 204. A surety on a replevin undertaking assumes all the liability which the law gives to the same, and no more. The statute requires judgment to be rendered in a particular manner— for a return of the property, or its value if a return cannot be had, and this was what the obligors in this case agreed that McDonald should do. Sureties on a replevin undertaking undoubtedly are concluded by the judgment in re-

plevin—that is, if the court finds the right of property or right of possession in one of the parties, the surety cannot attack such judgment collaterally, where there is no collusion or fraud, to evade his liability on his undertaking. But they are liable only to the extent they are made so by law, and such liability cannot be increased by any agreement of the attorneys for the parties to which the sureties do not consent.    Even where such a stipulation is entered into it does not preclude the necessity for a formal judgment in the form required by statute.    *Dorrington v. Meyer*, 8 Neb., 211, has no application to the facts of this case.

The first count of the answer states in effect that the property taken on the writ was then in the possession of McDonald, and was susceptible of being returned to the defendant in replevin.    This, for the purpose of the action, is admitted by the demurrer.    This would seem to be a defense in favor of the sureties in an action against them for the value of the property.    The court therefore erred in sustaining the demurrer to the first count.

The allegation in the second count that $44 was included in the judgment, for which the sureties were not liable on the undertaking, is also admitted, and to that extent is a defense.    The third count fails to state a defense by reason of the failure to state facts showing the right of the sureties to be subrogated.    The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.