AMERICUS V. DURRELL v. ALVIN TODD.

[FILED JANUARY 22, 1891.]

1. **Instructions** given and refused examined and considered, and *held*, properly given and properly refused.

2. **The evidence** examined and considered, and *held*, that the judgment is excessive to the amount of $132, which the defendant is required to remit or judgment reversed, but upon remittitur being filed within the time limited the judgment to stand affirmed as modified.

ERROR to the district court for Cass county. Tried below before CHAPMAN, J.

*Beeson & Root,* for plaintiff in error, cited: *Hall v. Strode,* 19 Neb., 658; *Mutual Hail Ins. Co. v. Wilde,* 8 Id., 427; *Paine v. Kohl,* 14 Id., 580; *Lincoln v. Holmes,* 20 Id., 39; *Deitrich v. Hutchinson,* Id., 52; *Hainer v. Lee,* 12 Id., 452; *Romberg v. Hughes,* 18 Id., 579; *Hale v. Wigton,* 20 Id., 83; *Aultman v. Stichler,* 21 Id., 72; *Aultman v. Reams,* 9 Id., 487; *Long v. State,* 23 Id., 33.

*A. N. Sullivan,* and *H. D. Travis, contra,* cited: *Aultman v. Stichler,* 21 Neb., 72; *Cheney v. White,* 5 Id., 261; *Bank v. Morrison,* 17 Id., 345.

COBB, CH. J.

On April 3, 1889, the plaintiff in error filed his petition in replevin against the defendant in error in the district court of Cass county, alleging that by reason of the ownership of a certain promissory note and chattel mortgage to secure it, given by defendant on April 17, 1886, to R. J. Doom, from whom he purchased the note in the usual course of trade, before it matured, for a valuable consideration, and without notice of any equities between the original parties to it, he is entitled to the possession of the personal property described in the mortgage.

The answer is a general denial.

The officer to whom was delivered the order of replevin succeeded in finding but a small portion of the mortgaged property, described and appraised as follows:

| | |
|---|---|
| One bay horse colt | $100 |
| One dark brown mare | 35 |
| One bay mare | 110 |
| One roan cow | 27 |
| One black horse colt | 125 |
| One mower, complete | 50 |
| One sulky hay rake | 10 |
| One 16-inch stirring plow | 3 |

17

Durrell v. Todd.

| One cultivator | $2 |
| Two sets double harness | 5 |
| Two calves, increase | 5 |
| Total | $442 |

The case was tried to a jury on the 24th day of October, 1889. The jury found that the right of property and right of possession thereof at the commencement of this action was in the defendant; that the value of said property was $442, and that defendant had sustained $100 damages by reason of the detention of said property. Motion for a new trial was duly filed, argued, and overruled, to which plaintiff duly excepted. The court entered the following judgment on the verdict: "That the defendant recover of and from said plaintiff the possession of the property replevined in this action or the value of the same, amounting to the sum of $442, and also his damages for the unlawful detention of said property as heretofore by the jury found due herein, together with interest thereon at the rate of seven per cent per annum, and also his costs in and about this suit in that behalf expended, taxed to the sum of $60.89, for which execution is hereby awarded." Plaintiff duly excepted and now brings the cause to this court on error.

1. That the court erred in giving of its own motion instructions 1, 2, 3, 4, and 6.

2. In refusing to give instructions 1, 5, and 8, for the plaintiff.

3. In not instructing the jury fully as to the issues of the case.

4. In overruling the motion for a new trial.

5. In entering judgment on the verdict giving defendant an alternative judgment for the return of the property or its value, $442, and for $100 damages whether the property was returned or not.

6. The judgment is not sustained by sufficient evidence.

The evidence on the trial supports the allegation that the defendant made his promissory note April 17, 1886, for $200, payable October 16, 1886, to the order of R. J. Doom, with ten per cent interest from maturity, secured by a chattel mortgage on the property set forth, for the payment of $200 October 16, 1886; $17.25 due October 17, 1886; $50 due October 18, 1886. On this note is indorsed the payment of interest to December 16, 1886, also to December 16, 1887, and to February 16 and August 16, 1888; also indorsed "paid on this note $68.85."

The evidence tends to prove that the note for $200, before it was due, was transferred to the plaintiff, who left it in the hands of Doom Brothers, of Ashland, the firm consisting of R. J. Doom, the payee, and W. G. Doom, agents of the plaintiff, to receive payments of interest thereon; that the defendant was not informed and did not know that the note had been transferred by R. J. Doom, or that the plaintiff had any interest in it; that the several indorsements of interest paid on the note were made at the rate of two per cent per month on the principal of the note, in each instance in advance; that the payment of $68.85 was made by the defendant February 1, 1888, and that on April 21, 1888, the defendant sent to Doom Brothers by due course of mail, $100 in a sight draft payable to his order, and indorsed to them to apply on the note, and also on August 15, 1888, a second draft to his order, and indorsed to them to be applied on the note, for $31.15; that Doom Brothers received the drafts and converted them to their own use without applying the amounts to the payment of the note. These payments appear to have been sufficient, and it is testified by defendant that they paid off the note in full, to say nothing of the usurious interest paid, which would be legally appliable to the principal.

There is evidence of further transactions between the parties, introduced by the plaintiff, which is not deemed important to Le here considered.

The first error assigned is as to the propriety and suffi-
ciency of the following instructions to the jury:

1. The issues presented by the evidence are simple: Is
the defendant entitled to a credit upon the note of the two
payments of $100 April 28, 1888, and $31.15 August 15,
1888, paid to Doom Brothers with instructions to apply
the same to the note.

·2. If the defendant is entitled to such credit, the plaint-
iff cannot maintain the present action, because the note
would be the property of defendant, and the plaintiff would
be fully satisfied by such payments.

3. If you find that Doom Brothers were the agents of
the plaintiff, and received the payments by defendant,
which are admitted to have been received by Doom
Brothers, with instructions from defendant to apply the
same upon the note, as a matter of law defendant would
have the right to have the same credited on the note, and
the agents would not have the right to apply the payments
otherwise than as directed by defendant.

4. If the plaintiff intrusted the note to Doom Bros. with
authority to collect the same, and receive money in pay-
ment for it, and they in pursuance of such authority
received the payments for the purpose of applying it upon
the note, such acts on the part of plaintiff and the agents
would constitute Doom Bros. the plaintiff's agents, and
they would be bound to apply such payments in satisfac-
tion of the note.

6. If you find for the defendant, you will find the value
of the property in controversy, which is admitted to be
$442, and will award the defendant the amount of dam-
ages which you find from the evidence he has sustained by
reason of the detention of his property from his possession,
and you are instructed that the measure of his damages, if
you find he has sustained any, will be the value of the use
of the property taken and retained from his possession
from the time of the commencement of this action to the

present time, and any depreciation of value to said property during such time, if any be shown by the testimony.

These instructions are believed to have fairly and sufficiently presented the law of the case, according to the facts in evidence, and involved no error.

The second error assigned of refusing to instruct the jury as requested by the plaintiff:

"1. If you find there is anything due the plaintiff on the note secured by chattel mortgage your verdict should be for the plaintiff.

" 5. You are instructed that where a party claims damages he is entitled to recover only such as he proves has been inflicted on him, and not such as he may think he has suffered.

"8. If you believe from the evidence that the defendant sent Doom Bros. certain sums of money with instructions to apply the same on the note, and that they refused to make such application, and demanded that such sums should be applied on an open and unsecured account held by them against the defendant, who afterwards agreed to have such sums applied on such account, then the payments would not be made on the note in controversy in this suit unless the plaintiff should elect to treat it as a payment and look to Doom Bros. for the same," is overruled, for the reason that neither of the propositions of the plaintiff in error's request was warranted by the evidence at the trial, and all were, therefore, properly refused by the court.

As to the value of the property replevied there is in the record what purports to have been an agreement between the parties "that the appraised value of the property, $442, should be taken as the true value, and that of each item of the whole as true." It is to be said that this stipulation does not bear any signatures, but appearing as a part of the record must be accepted as such. There is, however, evidence tending to prove that one cow valued at $27 and two calves at $5 had been restored to defendant, and were

in his possession at the time of the trial. We are of the opinion also that the damages of $100, of verdict and judgment, is not sustained by the evidence. These sums, amounting to $132, should have been deducted from the judgment, which is reversed unless the defendant shall, within sixty days from the filing of this opinion, enter a remittitur in this court for said amount from the date of judgment, whereupon the judgment will be modified to draw interest at the rate of seven per cent from rendition to satisfaction, and thereupon is

.Affirmed.

The other judges concur.