BATES & COMPANY v. ANDREW J. STANLEY.

FILED APRIL 21, 1897.   No. 6983.

1. **County Courts: REPLEVIN: JURISDICTION.** The appraised value of the property, and not its actual value proved on the trial, is made the criterion for determining whether a county court has jurisdic-

Bates v. Stanley.

tion to hear and determine an action of replevin; and where juris-
diction has attached, it continues to judgment, except such court
cannot render a judgment for a larger sum than $1,000 exclusive
of costs. Per NORVAL, J.; HARRISON, J., concurring.

2. ———: ———: JUDGMENT. A defendant who prevails in replevin
before the county court may, where the property has been deliv-
ered to the plaintiff under the writ, recover the value thereof or
the value of his right of possession not exceeding $1,000. Per
NORVAL, J.; HARRISON, J., concurring.

3. ———: ———: APPEAL: JUDGMENT IN APPELLATE COURT. Where,
in a replevin action brought in the county court, the appraised
value of the property, as well as its actual value found by the
court, is less than $1,000, and the plaintiff appeals from the judg-
ment entered against him, the district court may give judgment
for the defendant for an amount in excess of the jurisdiction of
the county court, if warranted by the facts. Per NORVAL, J.;
all concurring.

4. Review: JUDGMENTS. In case two separate and distinct judgments
are entered in a replevin action,—one for the plaintiff covering a
portion of the property and the other in favor of the defendant for
the remainder,—and an appeal is taken alone from one of them,
the other is final and conclusive as to all matters thereby adjudi-
cated. Per NORVAL, J.

5. Courts: VACATING SUPERSEDEAS BONDS. The district court has ju-
risdiction to vacate or set aside a supersedeas bond approved by
the clerk of such court, where the surety on the bond is insuffi-
cient, and no transcript of the record has been lodged in the
appellate court for the purpose of appeal or error proceedings. Per
NORVAL, J.; all concurring.

6. County Courts: JUDGMENT IN REPLEVIN. Where, in an action of
replevin, the property has been delivered to the plaintiff, the
county court on finding for the defendant may render judgment
for the value of the property, although it exceed $1,000. Per
IRVINE, C.; POST, C. J., RYAN and RAGAN, CC., concurring.

7. ———: ———: FORM OF JUDGMENT: REVIEW. In replevin the county
court found for the plaintiff as to certain of the goods taken under
the writ and for the defendant as to the residue. Appropriate judg-
ment was entered on each finding. *Held*, To constitute a single
judgment, so that an appeal by the plaintiff brought the whole
case up to the district court for trial *de novo*. Per IRVINE, C.;
POST, C. J., HARRISON, J., and RYAN and RAGAN, CC., concurring.

ERROR from the district court of Douglas county.
Tried below before HOPEWELL, J. *Affirmed.*

*Winfield S. Strawn,* for plaintiff in error.

*Arthur C. Wakeley, contra.*

NORVAL, J.

Bates & Co. commenced an action in replevin in the county court against the defendant for the possession of a kiln of brick, a lot of brickmaking tools, sheds, etc. The property was taken under the writ and appraised at $806, and on the execution of the required undertaking the possession of the whole of the property was delivered to plaintiff. The county court found the value of the kiln of brick to be $700, and the value of the remainder of the property was fixed at $200; that the defendant was entitled to the possession of the kiln of brick, and an alternative judgment was rendered in his favor for the return thereof, or its value so found in case a return could not be had. The right of possession for the remainder of the chattels was found to be in the plaintiff, and a judgment therefor in its favor was also entered. Plaintiff appealed from the judgment against it to the district court, but the defendant took no appeal. By stipulation, the case was tried upon the same pleadings as in the county court, which resulted in a judgment for Stanley for a return to him of all the property taken under the replevin writ, including the tools, sheds, etc., or the value of the same, assessed at $1,755.

The first contention of counsel for plaintiff is that the district court had no jurisdiction to render a judgment in the case for more than $1,000. It is the settled law of this state that the district court acquires no jurisdiction of a cause on appeal, if the lower court had no jurisdiction of the subject-matter of the action. (*Brondberg v. Babbott,* 14 Neb., 517; *Keeshan v. State,* 46 Neb., 155.) Did the county court have jurisdiction to hear, try, and decide the cause? The determination of the question necessitates an examination of the constitutional and statutory provisions relating to the jurisdiction of county courts. Section 16, article 6, of the constitution declares: "County

courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians and settlement of their accounts, in all matters relating to apprentices, and such other jurisdiction as may be given by general law. But they shall not have jurisdiction * * * in civil actions where the debt or sum claimed shall exceed one thousand dollars." By this provision jurisdiction in express terms is conferred upon county courts in certain enumerated matters and causes (among which are not actions in replevin), and also such other jurisdiction as may be authorized by legislative enactment not within the inhibited subjects contained in said section of the constitution. The legislature has, by section 2, chapter 20, Compiled Statutes, conferred on such courts jurisdiction in replevin suits where the appraised value of the property does not exceed $1,000. The appraised value of the property, and not its actual value as proved on the trial, is made the criterion for determining whether a county court has jurisdiction of a replevin case; but said section of the statute, and the constitution, limit the sum for which judgment may be entered by such court at $1,000. This limitation applies to all actions, including replevin. Whenever in replevin, before the county court, the defendant is entitled to recover the value of the property replevied, judgment may be rendered in his favor for the real value established by the evidence, not exceeding $1,000, the limit fixed by the constitution and statute. (*Gottschalk v. Klinger*, 33 Mo. App., 410; *Henderson v. Desborough*, 28 Mich., 170; *Chilson v. Jennison*, 60 Mich., 235.)

The Michigan cases are quite similar to the one before us. In that state, by statute, the affidavit in replevin determines the jurisdiction of the justice of the peace in replevin, jurisdiction attaching according to the value of the property as fixed in such affidavit. By section 18, article 6, of the constitution of that state justices of the peace, in civil cases, are given "exclusive jurisdiction to

the amount of one hundred dollars, and concurrent juris-
diction to the amount of three hundred dollars, which
may be increased to five hundred dollars, with such ex-
ceptions and restrictions as may be provided by law."
The supreme court, in construing said constitutional and
statutory provisions, decided that whenever a defendant
prevails in replevin before a justice of the peace, the
judgment for the value of the property replevied and for
damages in the aggregate cannot exceed $500, the con-
stitutional limit. In Michigan the value of the property
claimed in the replevin affidavit fixes the jurisdiction,
while in this state it is determined by the appraisement;
hence, the decisions already mentioned are directly in
point upon the question under consideration. The juris-
diction of our county courts is limited in civil actions
where the debt or sum claimed does not exceed $1,000.
If a party cannot claim in that court a larger sum, it is
obvious the court is powerless to render a judgment for
an amount exceeding the limit fixed by the constitution.
The jurisdiction of such courts in replevin depends upon
the appraised value of the property. If the actual value,
ascertained on the trial, should be more than $1,000, it
would not oust the court of jurisdiction, but in case the
defendant in replevin should be entitled to recover the
value of the property taken from him on the writ, the
judgment may not exceed $1,000. If the appraised value
is the test for ascertaining jurisdiction in replevin for all
purposes, then where the appraised value is less than
$1,000, and plaintiff fails or refuses to give an undertak-
ing, there is nothing to prevent his recovering the full
value of his property, even though it should exceed the
sum named, the constitutional limit. Such was not the
intention of the framers of the constitution. In holding
that the defendant in replevin cannot recover in the
county court a larger sum than $1,000, it does not follow
that he must lose the excess in the value of the property
above that amount. He may obtain redress through an
appeal to the district court, and possibly by separate
action to recover such excess.

The record before us shows that the appraised value of the entire property was but $900, which sum, nor the judgment entered by the county court, did not exceed its jurisdiction, therefore that court had jurisdiction of the subject of this action. This counsel for plaintiff, with commendable frankness, concedes, but he strenuously insists that the district court had not the power to render any other or different judgment than the court from which the appeal was taken could have entered, to which argument attention will now be given. The cause was not brought to the district court by the exercise of its original, but appellate jurisdiction. Such being the case, had the suit been one for the recovery of money only, ordinarily, the judgment could not have been rendered on the appeal for an amount beyond the jurisdiction of the county court. Such was the holding in *Union P. R. Co. v. Ogilvy*, 18 Neb., 638. But the rule stated is not inflexible. Suppose, in an action brought in the county court upon a promissory note, judgment is rendered therein for $950, the full amount then due, and an appeal is taken by the defendant to the district court, where, by subsequent delays, the interest has accumulated so as to make the plaintiff's demand exceed $1,000, could not the appellate court give judgment for the full amount then due? Most assuredly, for the obvious reason the county court had jurisdiction when the judgment was pronounced, and no fact subsequently arising in the case could take it away. (*Tindall v. Meeker*, 1 Scam. [Ill.], 137; *Mitcheltree v. Sparks*, 1 Scam. [Ill.], 198; *Dressler v. Davis*, 12 Wis., 65.) The same principle was recognized and applied in *Deck v. Smith*, 12 Neb., 389, which was an action of replevin brought in a justice's court and appealed to the district court. Pending the appeal the property increased in value from $100, the maximum sum for which a justice could at that time render judgment, to $130. It was ruled that the appellate court could render judgment for the full value of the property, even though it ex-

21

ceeds the jurisdiction of the lower court. In the opinion it is said: "The district court having obtained jurisdiction of the case by the appeal, it not only had the authority, but it was its duty to so rule as to do as complete justice between the parties as possible. And if to do this it became necessary to increase the amount claimed, there is no rule of practice preventing it being done. Indeed, such a course is fairly within the contemplation of the Code, as by the following provisions is clearly shown. By section 1010, which provides that in cases appealed to the district court 'the parties shall proceed in all respects in the same manner as though the action had been originally instituted in the said court,' and by section 144, which confers upon the court an almost unlimited power of amendment 'in furtherance of justice.'" The writer has failed to find any case opposed to the views expressed above and none such has been cited in the briefs; nor is he aware of any principle of law or morals which would prevent the defendant from recovering the full value of his property which was taken from him under the writ. Moreover, the statutory provisions sanction the course pursued.

Section 26, chapter 20, Compiled Statutes, authorizes appeals from judgments of the county court in civil actions in the same manner as provided by law in cases tried and determined by justices of the peace.

Section 1010 of the Code provides that in appeals from justices' courts "the parties shall proceed in all respects in the same manner as though the action had been originally instituted in the said court."

Section 191, relating to judgments in actions of replevin in the district court, declares: "In all cases, when the property has been delivered to the plaintiff, where the jury shall find upon issue joined for the defendant, they shall also find whether the defendant had the right of property or the right of possession only, at the commencement of the suit; and if they find either in his favor they shall assess such damages as they think right

and proper for the defendant; for which, with costs of suit, the court shall render judgment for the defendant."

"Sec. 191*a*. The judgment in the cases mentioned in sections one hundred and ninety and one hundred and ninety-one, and in section one thousand and forty-one of said Code shall be for a return of the property or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property, and costs of suit."

This action is not for the recovery of money beyond the jurisdiction of the county court, but one *in rem*, and that court having jurisdiction of the subject-matter, the appeal authorized the district court to try the case *de novo* as if it had been originally instituted in such court. The statute required the rendition of an alternative judgment for a return of the property or its value, in case a return could not be had, although such value exceeded the sum for which the county court could have entered judgment. A judgment for the full value was indispensable in this case in order to do complete justice between the parties. The defendant did not voluntarily come into court, but was an unwilling suitor. The plaintiff selected the forum, and, not being satisfied with the judgment, appealed to a court of general jurisdiction. It ought not now to be permitted to urge that the latter court had no authority to render a judgment for more than $1,000, on the ground that the county court had not jurisdiction to render so large a one. The county judge unquestionably had the power to hear and determine the cause when it was, and as it was, before him, and the appeal prosecuted by plaintiff having conferred jurisdiction of the subject-matter upon the district court, it retained it for the determination of all questions properly presented for adjudication.

The judgment is claimed to be erroneous, in that it was for the return to the defendant of the whole of the property taken under the writ, or its value. This objection is well taken. As previously stated, the county court

rendered two separate and distinct judgments in the case, both in form and substance, as much so as if they had been given in different actions, one in favor of the defendant for the kiln of brick, and the other for the plaintiff for the remainder of the property. This latter judgment was final as to the property adjudged to belong to the plaintiff, no appeal having been taken therefrom, yet the court below found for the defendant for all the property replevied. The appeal from one of the judg-ments did not authorize the defendant to have heard and determined anew the matters which the record shows were adjudicated by the judgment against him, from which no appeal was prosecuted.

Defendant asks to enter a remittitur of the amount of the judgment in excess of what the testimony shows to be the value of the kiln of brick. Such action is allow-able in case of a money judgment where the assessment of the amount of recovery is too large, and the amount of excess definitely appears from an inspection of the record. Doubtless a remittitur can be had in a proper case in replevin, as where the only error is in the assessment of the amount of recovery. (*Durrell v. Todd*, 31 Neb., 256; *St. John v. Swanback*, 39 Neb., 842; *Regier v. Shreck*, 47 Neb., 667.) But the error in this case is not confined alone to the assessment of the value of the property. It extends as well to that portion of judgment providing for the return of the property. Where a judgment is rendered against a plaintiff in replevin in the alterna-tive for a return of the property, or for its value, he has the option of satisfying the same by either making resti-tution of the property or by paying its assessed value. (*Reavis v. Horner*, 11 Neb., 479; *Frey v. Drahos*, 10 Neb., 594; *Rinker v. Lee*, 29 Neb., 783; *Lee v. Hastings*, 13 Neb., 508; *Manker v. Sine*, 35 Neb., 746; *Goodwin v. Potter*, 40 Neb., 553.) The judgment of the district court was for the return of the entire property replevied, the ownership of all of which, except the brick kiln, by the judgment of the county court was determined in favor of the plaintiff.

Bates v. Stanley.

If the record disclosed, which it does not, that Bates &
Co. still had the entire property in a condition to be re-
turned, manifestly it would be unjust to affirm the judg-
ment upon condition that a remittitur to a specified sum
be filed, since to escape the payment of the money por-
tion of the judgment it would be forced to return all the
property, including the portion which belonged to plaint-
iff.   The testimony shows that Bates & Co., after acquir-
ing the property under the writ, sold it, and therefore
a return cannot be had.   It would not have been error
calling for a reversal had no judgment been rendered
in the case for a return of the property (*Goodman v. Ken-
nedy*, 10 Neb., 270; *Lee v. Hastings*, 13 Neb., 508); and it
follows that a proper remittitur would cure all substan-
tial errors in the judgment.   The number of bricks in the
kiln the evidence shows to be 170,000.   There is a con-
flict in the testimony as to the value of the same, defend-
ant fixing it at $6.50 to $7.50 per thousand, and Charles
Furst, one of his witnesses, at $5.50 to $6.50 per thousand.
The estimated value placed thereon by M. P. Sutherland,
a witness for plaintiff, was $5.50 to $6 per thousand.
From a consideration of the value of the whole property
so found by the court, and the testimony in the record re-
lating to the value of the property other than the kiln of
brick, it is obvious the trial court in making its findings
must have allowed not to exceed $5.50 per thousand for
the bricks, making on that basis their total value $935.
To which should be added $83.98, being interest thereon
from the date the property was taken under the writ
until the first day of the term of court at which the judg-
ment was entered.   Defendant should be permitted to file
a remittitur of $736.02 within thirty days as of the date of
the rendition of the judgment in the court below as a con-
dition of affirming the judgment for $1,018.98, the value
of the brick, with interest. . If such remittitur be not
so filed within the time stated, the judgment should be
reversed and the cause remanded for a new trial.

One other matter remains to be considered, and that is

the action of the district court in striking from the files
the supersedeas bond filed in the case, because of the
insufficiency of the surety thereon, and in ordering that
the defendant have execution upon the judgment when-
ever he shall request it.   It appears that the decision re-
ferred to was made upon testimony adduced before the
court, and that the same was not preserved by bill of
exceptions, so the sufficiency of the evidence to sustain
the finding is not involved in this court.   The sole ques-
tion is whether the district court had any power to make
the order, and before discussing the subject a brief sum-
mary of the facts will be stated.   The judgment was en-
tered· December 30, 1893.   Plaintiff filed a supersedeas
bond in due form in the penal sum of $3,510 on the 19th
day of January, 1894, for the purpose of staying proceed-
ings pending a hearing of the cause in this court, which
bond, and the surety thereon, were approved by the clerk
of the district court.   On the 7th of April, 1894, the order
now assailed was made on motion of the defendant.   The
transcript and petition in error were filed herein June 1,
1894.   By section 588 of the Code of Civil Procedure
provision is made for the stay of execution pending pro-
ceedings to obtain a review of the judgment or final
order of the probate court or district court, by the plaint-
iff in error executing to the adverse party, and depositing
with the clerk of the court in which the judgment or final
order was entered, a written undertaking, with one or
more sufficient sureties, conditioned as required by said
section, and in such penal sum as therein specified, or as
shall be prescribed by the court, according to the nature
of the case.   Section 590 declares: "Before the written
undertaking herein mentioned in section five hundred and
eighty-eight shall operate to stay execution of the judg-
ment or order, a petition in error must be filed in the
appellate court, and the execution of the undertaking
and the sufficiency of sureties must be approved by the
court in which the judgment was rendered or order made,
or by the clerk thereof; and the clerk shall indorse said

approval, signed by himself, upon the undertaking, and file the same in his office for the defendant in error." By this section the authority to approve a supersedeas bond is conferred upon either the court or the clerk, one possessing no more power in that regard than the other. The latter could lawfully discharge that duty without any direction of the court, and he did so in this case by approving the bond. But it does not follow that the district court was without jurisdiction to make the order in question. That the clerk could not reconsider his action in the premises is clear, as no such authority is conferred upon him by statute. Nor could this court have passed upon the sufficiency of the bond or ordered a new one to be given, because the transcript had not at that time been lodged in this court; hence no jurisdiction over the case had been acquired. Until the error proceedings were perfected by the filing of the transcript and petition in error the judgment was not suspended, and the district court, in the exercise of its general jurisdiction, had the right to vacate the supersedeas, if sufficient cause therefor existed, in case a new bond with sufficient surety was not seasonably filed. Whether it could have done so had the jurisdiction of this court at that time attached, it is unnecessary to decide. It does not appear that an application to file an amended bond was made in the court below, or that a new bond was offered to be substituted for the one previously filed. The order vacating the supersedeas is sustained.

The judgment, in my view, should be reversed unless a remittitur for the amount, and within the time already stated, is filed with the clerk of this court.

IRVINE, C.

The first contention of the plaintiff is that the district court had no jurisdiction to render judgment for more than $1,000, and the basis of this contention is that the jurisdiction of the district court was appellate merely and depended upon the jurisdiction of the county court from

which the case was appealed; that the county court had no jurisdiction to render a judgment for more than $1,000, and therefore the district court in this proceeding could not render a judgment exceeding that sum. It is the settled law of this state that appellate courts acquire no jurisdiction by virtue of an appeal where the court from which the case was appealed had no jurisdiction of the subject-matter. (*Brondberg v. Babbolt*, 14 Neb., 517; *Keeshan v. State*, 46 Neb., 155.) The jurisdiction of the district court therefore depended upon that of the county court. By section 16, article 6, of the constitution it is provided: "County courts shall be courts of record and shall have original jurisdiction in all matters of probate, and such other jurisdiction as may be given by general law. But they shall not have jurisdiction * * * in civil actions where the debt or sum claimed shall exceed $1,000." The constitution therefore vests certain jurisdiction in the county courts and empowers the legislature to vest in those courts jurisdiction not *ex vi termini* conferred by the constitution; but in civil actions the legislature may not confer jurisdiction where the debt or sum claimed exceeds $1,000. The legislature, in the execution of the power conferred upon it, enacted as follows: "County judges in their respective counties shall have and exercise the ordinary powers and jurisdiction of a justice of the peace and shall in civil cases have concurrent jurisdiction with the district court in all civil cases in any sum not exceeding $1,000, exclusive of costs, and in actions of replevin where the appraised value of the property does not exceed that sum." (Compiled Statutes, ch. 20, sec. 2.) By this statute the appraised value of the property taken under the writ and not its actual value as determined at the trial is made the test for ascertaining the jurisdiction of the court. If the statute is constitutional in this respect the county court had jurisdiction of this cause because the property was appraised at less than $1,000. We think it is constitutional. Where jurisdiction depends upon the amount in controversy there

must be some means of determining that amount. The language of the constitution is, in effect, that jurisdiction in civil cases may be conferred where "the debt or sum claimed" does not exceed $1,000. This language excludes the hypothesis that jurisdiction depends upon the amount finally ascertained to be due. It is the amount claimed which under the constitution limits the jurisdiction. (*Beach v. Cramer*, 5 Neb., 98; *Brondberg v. Babbott, supra.*) In ordinary civil actions this can be readily determined from the petition, the summons, or both. (*Brondberg v. Babbott, supra.*) In replevin cases a difficulty arises. The demand is for the recovery of the possession of specific chattels. There is no prayer for any sum of money except for unlawful detention. The plaintiff, by causing the writ to issue and the property to be seized, sets in motion the process resulting in the appraisement. The amount of his bond is determined by the appraisement, and that appraisement measures more correctly than anything else at the commencement of the action the "sum claimed." Jurisdiction should be determined *in limine* and should not remain in doubt until the end of the action. The plaintiff, having selected his forum, may not at any stage of the proceedings claim an amount beyond $1,000 without passing the constitutional bounds; but the defendant is a party *in invitum.* Property in his possession has been taken from him by process of the court. If the result of the trial shows that it was his property, then he is entitled to its return, or to its value. If we should hold that when it appears, as the result of a trial, that property so taken was of the value of more than $1,000, the proceedings were from the beginning *coram non judice*, then it would follow that the defendant can have no relief except by a new action; that he would have no remedy on the bond, at least when treated as a judicial bond; that the officer serving the writ, good on its face, was in fact a trespasser, and would be liable. Should we hold that the proceedings originally were *coram judice*, but that no jurisdiction existed to enter a

judgment for the value of the property in excess of $1,000, then one of two results must follow. Either the defendant whose property has been seized, and who has not chosen the forum, must lose the excess in value beyond $1,000, or else he is driven to an appeal or separate action to recover it. The former hypothesis invades all constitutional notions of rights of property and process of law; the latter presupposes the right of a court to assist a wrongdoer and require the person injured to enter another forum to obtain his remedy. In Michigan it has been held in similar cases that judgment might be rendered for the defendant for an amount beyond the statutory jurisdiction of the justice, but not beyond the constitutional limit. (*Henderson v. Desborough*, 28 Mich., 170; *Chilson v. Jennison*, 60 Mich., 235.) But the constitution of that state provides that the justices of the peace "shall have exclusive jurisdiction to the amount of $100, and concurrent jurisdiction to the amount of $300, which may be increased to $500, with such exceptions and restrictions as may be provided by law." (Constitution of Michigan, art. 6, sec. 18.) The language of that constitution is that jurisdiction shall extend to "the amount" specified, while our constitution fixes the limit only upon "the debt or sum claimed." Claimed by whom? Why necessarily by the plaintiff, or by the defendant who, by set-off or counter-claim, invokes the jurisdiction of the court. In order to prevent the processes of the court from being abused, and the limitation being made a means of working injustice to unwilling suitors and of depriving them of rights clearly guarantied, we must hold that in a replevin case, where the defendant recovers, the county court, having obtained jurisdiction to try the case by virtue of the affidavit, the writ, and the appraisement, has jurisdiction to render judgment for the value of the property as found on the trial, even if such value exceed $1,000. We think this was the intention of the constitution evidenced by the adoption of its peculiar language. Cases holding that the plaintiff, or moving party, cannot

recover beyond the jurisdictional amount are not in point, although even in such cases it has been held that on appeal, to prevent the failure of justice, the plaintiff himself may amend to claim an amount beyond the jurisdiction of the court which he himself selected in which to institute the action. (*Deck v. Smith,* 12 Neb., 389.)

It is next contended that the judgment is erroneous because rendered in the district court for the whole of the property described in the writ, and not merely for that portion found by the county court to belong to the defendant. This contention depends for its soundness upon the proposition that the county court rendered two judgments and the plaintiff appealed only from the one against him. In form it may be conceded that the judgment was double, but we should look rather to the substance than the form. We have quoted the recital of the appeal bond because it is claimed that that fixed the intention of the plaintiff to appeal only from so much of the judgment as was against him. If the judgment was, however, inseparable in its nature, so that an appeal brought the whole case up, the plaintiff could not restrict the appeal to a portion of the judgment by a recital in the bond. The parties stipulated in the district court to try the cause on the same pleadings as were used in the county court. By these pleadings the plaintiff asserted title to all the property and the defendant by general denial put the title to all in issue. The case seems to have been tried on the theory that the whole matter was involved. We think it was. Suppose the action had been for goods sold and delivered; the plaintiff had set out a number of items of goods; judgment had been entered for plaintiff for the value of certain items, and the plaintiff had appealed. He could not contend that as to those items the judgment he appealed from was final, and that his appeal only presented the items for which he had not recovered. This, we take it, would be true even if the court had specifically rendered judgment against him for the items not found in his favor, because a judgment for part

Bates v. Stanley.

implies a judgment against him for the remainder. It would be *res judicata* in favor of the defendant for the remainder and could be pleaded in bar of another action, as well as if a specific judgment had been entered. So we cannot see that the entry of a formal judgment would affect the situation. To take a case more closely analogous, suppose in this case the property had not been taken under the writ and the action had proceeded as one in trover, resulting in a judgment for the plaintiff for the value of the tools, etc.; suppose he appealed from that judgment. It would certainly open up the whole case. Such a judgment would be expressly in his favor for the tools and impliedly against him for the kiln of bricks, but it would be a single judgment which he would not be permitted to accept so far as it operated in his favor and reject so far as it was against him. The fact that the peculiar nature of a replevin suit requires an express finding and an express judgment as to every part of the property taken does not affect the case. In some states statutes expressly permit appeals to be taken from portions of judgments or decrees. Cases based on such statutes are not applicable, nor are cases applicable where the appeal was from one of several distinct orders or decrees entered at different stages of the same case or entered at the same time as a determination of distinct proceedings, as for instance, appellate proceedings from orders in attachment not bringing up for review the judgment in the principal action. We are without the light of direct authority, but cases quite closely in point are *Barkley v. Logan*, 2 Mont., 296, and *Plaisted v. Nowlan*, 2 Mont., 359. The substance of these cases is that where an appeal is statutory and does not provide for appealing from a portion of a judgment the whole case is brought up. The statutes referred to in the opinions are in this respect very similar to our own.

AFFIRMED.