PAUL KER, Appellant, v. A. S. STERN, Doing Business, etc., Respondent.

(Supreme Court, Appellate Term, First Department, April, 1919.)

Jurisdiction — limitation of — damages — Municipal Court of city of New York.

> Where in a Municipal Court action for damages for breach of a contract of employment the complaint, reasonably construed, seeks to recover only up to the jurisdictional amount for which judgment can be rendered, the mere fact that no definite sum is claimed does not deprive the court of jurisdiction.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, dismissing the complaint at the close of the plaintiff's case, after a trial by a judge without a jury.

---

* For opinion by Leventritt, referee, see 176 N. Y. Supp. 215.
— [REPR.

Otterbourg, Steindler & Houston (Charles A. Houston, of counsel), for appellant.

Dittenhoefer & Fishel, for respondent.

BIJUR, J.   This action was brought to recover damages for breach of a contract of employment under which the defendant employed the plaintiff, an actor, at a salary of seventy-five dollars a week.

The terms other than the duration of the contract were contained in a letter written by defendant to plaintiff dated July 12, 1918. Plaintiff properly proved by parol testimony, admitted without objection, that the contract was to continue for a period of thirty-seven weeks.

Plaintiff, in his complaint, had pleaded that the contract of employment was made " on or about July 12th, 1918." The learned trial judge dismissed the complaint apparently upon the theory that this allegation restricted plaintiff to the letter of July twelfth, in which no definite term was stated, and which, therefore, constituted merely a contract at will.

Defendant upon this appeal scarcely attempts to justify the dismissal upon this ground, but urges that upon the allegations of the complaint the Municipal Court had no jurisdiction over the action. This contention is based upon the demand for judgment " at the rate of $75 a week with interest from the 19th of August, 1918, to the date of the trial of this action." The argument advanced is that the complaint does not show that the amount demanded was less than $1,000, but that on the contrary since the contract was for thirty-seven weeks at $75 a week, presumably the amount of damages sought exceeds $1,000. In my opinion neither of these contentions is sound. The complaint, reasonably construed, seeks to recover

damages for breach of contract up to the jurisdictional amount for which the court can render judgment, and the mere fact that no definite sum is stated does not deprive the Municipal Court of jurisdiction. See Mun. Ct. Code, § 180.

Judgment reversed, new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY and PENDLETON, JJ., concur.

Judgment reversed, new trial ordered, with thirty dollars to appellant to abide event.