HARRY E. LEMER ET AL., APPELLEES, V. STEVE HUNYAK ET
AL., APPELLANTS.

FILED DECEMBER 15, 1919. NO. 20664.

1. **Replevin: APPEAL: TRIAL DE NOVO.** An action of replevin is in part a proceeding *in rem*, and an appeal from an inferior court having jurisdiction of the subject-matter authorizes the district court to try the case *de novo* as if it had been originally instituted in that court.

2. ———: ———: DISMISSAL. Plaintiff in a replevin suit prosecuted an appeal from a judgment rendered against him in the county court, and procured an order from the district court taking the property from defendant, in whose possession it was when the appeal was lodged, and delivering it to plaintiff. After thus bringing himself and the property within the jurisdiction of the district court, it was error to permit him to dismiss his appeal and deny defendant an opportunity to have the issues tried in that court.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE.  *Reversed.*

*Piatti & Wear,. John F. Moriarty* and *Bernard Mc-Neny,* for appellants.

*Smith, Schall & Howell, contra.*

MORRISSEY, C. J.

Plaintiff Lemer brought replevin against defendants for some hogs and other personalty and obtained possession of the property under his writ.  On trial, the county court found in favor of defendants, and gave judgment against Lemer and one Pollack, who had intervened, for a return of the property or a recovery of its value fixed at $1,000.  On the tenth day after the entry of the judgment, defendants had execution issued and were restored to possession of the hogs.  On the same day, presumably after this restitution, Pollack filed an appeal bond, and a few days later procured a mandatory injunction from the district court annulling the execution issued by the county court and effecting a retaking of the property.  Six weeks thereafter, defendants moved to require the filing of a petition under the appeal.  No petition was filed, but more than four months later Pollack and Lemer entered a dismissal of the appeal, which the district court allowed.  From the order allowing this dismissal, defendants appeal.

The question is whether a party who has obtained possession of personalty under a writ of replevin and, after failing to establish his right in the county court, has appealed to the district court may,·as a matter of right, in all cases, dismiss his appeal so as to prevent a trial of the issues in that court.

Plaintiff and intervener rely upon section 8457, Rev. St. 1913, and the rule in *Eden Musee Co. v. Yohe,* 37 Neb. 452, that "a party appealing from a judgment of a justice of the peace to the district court may dismiss his appeal, without the consent of the appellee, at any time before the cause is submitted to the court or jury."  De-

fendants contend that this rule is inapplicable to actions of replevin; that, where the district court has obtained jurisdiction over the property and over the parties, it should retain the cause so as to do complete justice between the parties; that in this case a dismissal should not have been allowed without giving defendants an opportunity to show the value of the property in the district court.

An action of replevin is in part a proceeding *in rem*, and an appeal from an inferior court having jurisdiction of the subject-matter authorizes the district court to try the case *de novo* as if it had been originally instituted in that court. *Bates & Co. v. Stanley,* 51 Neb. 252, 259. Not only does it have the authority, but it is the duty of the district court to decide the case so as to do complete justice between the parties, even to allowing defendant to recover for an increase in the value of the property pending the appeal. *Deck v. Smith,* 12 Neb. 389.

Where the plaintiff prosecutes an appeal from the judgment rendered against him in the county court, and by means of the appeal is enabled to repossess himself of the property, he cannot be allowed to escape the force and operation of these rules by an arbitrary dismissal of the appeal. It is the duty of the court, before allowing a dismissal of the appeal, to give defendant an opportunity to establish his right to the property in that court, and, in case it cannot be had, to a money judgment for its value.

Plaintiff contends that the effect of this rule will be to give defendant the advantage of overthrowing a judgment from which he has not appealed. Perhaps so. But we fail to see how such proceeding can result in any injustice to plaintiff. If he has disposed of the property, no possibility should be left him to profit by the conversion, and, if he has not disposed of it, he is in a position to protect himself by a return of the property.

The judgment is reversed and the cause remanded.

                                             REVERSED.

LETTON and CORNISH, JJ., dissenting.

Being of the opinion that an appeal in a replevin case is governed by the same rules as other appeals, and that if the defendant was not satisfied with the judgment in the lower court, and desired a review, he should have taken a cross-appeal, we dissent from the conclusion reached.