STUBER-STONE & CO. *v.* AULT.

1. JUSTICES OF THE PEACE—REPLEVIN—JURISDICTION—RETURN OF JUSTICE AS TO PLEADINGS CONCLUSIVE.

    Proof of greater value than stated in plaintiff's affidavit for replevin in justice's court for an automobile could not avail to oust the court of jurisdiction after defendant had pleaded the general issue without raising the question of jurisdiction on account of the value of the property, and, on appeal, the circuit judge properly held that the return of the justice, which showed what the pleadings were, could not be enlarged by evidence as to the value of the property; if the return was incomplete a special motion for further return was the proper course.

2. REPLEVIN—DEMAND FOR SURRENDER NECESSARY TO MAINTAIN SUIT.

    Where the testimony in replevin for an automobile conclusively showed that defendant was lawfully in possession to make repairs, at the request of the purchaser who

was required by his contract to make same, whether defendant had a valid lien for labor and material expended on it or not, he could not be subjected to the annoyance and expense of a lawsuit by the seller who retained title until the purchase price was paid, or be deemed wrongfully in possession until demand had been made and surrender refused; the purchaser in the meantime having defaulted.

Error to Wayne; Goff (John H.), J.    Submitted June 15, 1921.    (Docket No. 56.)    Decided July 19, 1921.

Replevin in justice's court by Stuber-Stone & Company against Carl Ault, doing business as the Studebaker East Side Service Station, for the possession of an automobile.    There was judgment for defendant, and plaintiff appealed to the circuit court.    Judgment for plaintiff on a directed verdict.    Defendant brings error.    Reversed.

*Thomas A. Conlon* and *Chester J. Morse*, for appellant.

*William N. Warren*, for appellee.

STEERE, C. J.    On October 4, 1919, plaintiff sold a used Studebaker touring car of 1918 model to a man named J. M. Browines at an agreed price of $838, upon a contract of formidable length and many provisions called a "retail sales order."    By its terms $100 of the purchase price was to be paid down, $100 later, and the balance in monthly installments of $63.80 covering a period of 10 months.    Title was retained by plaintiff until the entire purchase price should be paid. Immediate possession of and right to use the car was given the purchaser, he agreeing amongst other things to house and shelter the car, pay insurance and taxes, "make any and all repairs thereon which may be

necessary," etc.   Browines paid the $100 down and was given possession of the car on the date of his purchase.   Eight days later, October 12th, while in his possession and use it collided with a street car and was damaged to an extent rendering shop repairs thereon necessary.   Browines took the crippled car to defendant Carl Ault, proprietor of a place called the "Studebaker East Side Service Station," and left it there with instructions to make the necessary repairs.   He also, about two weeks after he made the purchase, notified plaintiff of the accident and where he had taken the car to be repaired.   Ault completed the necessary repairs Browines had ordered by November 3, 1919, and notified him of the fact.   The repair bill amounted to $293.72 which Browines did not pay. About a month after he bought the car he informed plaintiff he could not pay the notes due on deferred payments for it.   At that stage of the proceedings he disappears from this record.   No one ever paid or tendered Ault the amount of his bill for repairs, and he was left in possession of the car upon which he claimed a lien for the same, and for subsequent storage "under the provisions of section 4833, Compiled Laws of 1915, State of Michigan," as stated in his counsel's brief.

On December 2, 1919, plaintiff sued out a writ of replevin in a justice's court of Wayne county under an affidavit stating $500 to be the value of the car, which it charged was unlawfully withheld from its possession by "Max Schneider, John Doe and Richard Roe," named as defendants, and seized the car, filing the usual form of declaration in replevin against the same named defendants.   Ault entered his appearance in the case, filed a written plea of the general issue with special notice of lien for labor and material expended upon the car, and subsequent storage.   The

case was tried in justice's court without a jury.   The justice rendered a judgment for defendant on the ground of "No jurisdiction."   Plaintiff appealed from this judgment to the Wayne county circuit court, where on re-trial before a jury the court directed a verdict for plaintiff and entered judgment thereon.   Motion for a new trial was made and denied.   In the circuit court there was a conflict of testimony as to the value of the car when seized, and also whether demand for its possession was made of defendant by plaintiff before the replevin action was begun.   The court held the first issue incompetent under the return of the justice and the second immaterial under the testimony, because it failed to show defendant had obtained a lien upon the car.

Defendant's argued assignments of error are directed to refusal of the court to submit those issues to the jury and direction of verdict for plaintiff on the ground defendant had obtained no lien on the car. The justice's return of the proceedings had before him fairly follows in outline the usual form, showing trial had, judgment, etc., describing the state of pleadings, trial and judgment as follows:

"The plaintiff files written declaration, amends affidavit to correspond with writ, the defendant files written plea, the said cause was tried by court.
"That on the 3d day of January, 1920, 'no jurisdiction order return of goods and chattels to defendant.'"

Copies of the affidavit for writ, bond, writ of replevin, return of officer, declaration of plaintiff and plea of defendant are also returned.

Counsel for defendant claimed upon the trial that in addition to his written plea of the general issue and special notice, he later orally pleaded to the jurisdiction, under which he successfully showed in justice's court that the value of the property was in excess of

the amount stated in plaintiff's affidavit for replevin, and beyond the justice's jurisdiction.

The circuit court held the proposed evidence could not be entertained to enlarge the justice's return which told what the pleadings were, and if the return was incomplete a special motion for further return was the proper course. Defendant's counsel then moved for leave "to withdraw a juror here, and have this file amended to show the pleading in the lower court," which was denied.

The trial court ruled that proof of greater value than stated in plaintiff's affidavit for replevin could not avail to oust the court of jurisdiction after defendant had pleaded the general issue as shown by the return, following, as plaintiff's counsel contends, the leading case of *Henderson* v. *Desborough*, 28 Mich. 170. That decision fairly lays down the rule that when the affidavit, writ and declaration in a justice's court replevin case fix the value of the property claimed within the jurisdiction of the court and defendant has pleaded the general issue, proof that the actual value was in fact greater does not oust the court of jurisdiction even though the plaintiff himself furnished the proof. It may be admitted that certain later decisions touching the subject contain passages which give opportunity to question the exact scope of that rule, now further complicated by the provisions of the judicature act abolishing demurrers, pleas in abatement and pleas to the jurisdiction, with directions as to how questions formerly raised by them may yet be saved and presented. Here the return of the justice shows the parties filed written pleadings and what they were. This return furnished the only tangible evidence before the court of the proceedings in the justice's court. It is not denied defendant pleaded the general issue. Upon this record we are not prepared to hold the trial court erred in adhering to the return.

We think the court erred in refusing to submit to the jury the question of demand for the property before action was begun. Defendant's evidence is direct and positive that no demand was made before the officers came with the writ and seized the property. Plaintiff appears to have recognized the necessity of showing demand, and early introduced the testimony of its sales manager to the effect that he made demand upon a man who had said he was proprietor, "or upon some one" at defendant's service station, but did not further identify the party, who it seems was proceeded against as "Max Schneider, John Doe and Richard Roe."

The testimony conclusively shows the car came lawfully into possession of defendant. It was delivered to him for repairs by Browines who was lawfully in possession as purchaser under a contract of sale giving him possession and control of it and which especially required him to make any and all repairs thereon necessary to keep the car in good condition as when purchased. He was not then in default on his contract and its delivery to defendant was in performance of that obligation. There was no trespass or tort on the part of either in connection with defendant receiving from Browines possession of the car, which he in good faith repaired and cared for until plaintiff began suit and seized it without previous notice or demand, if defendant's evidence is true. Having come lawfully into possession of the car, whether he had a valid lien for labor performed on it is not a test of the nature of his possession. A claim that he had a lien was not in itself a wrongful act, even if he was mistaken, until supplemented by refusal on demand to surrender the property to one entitled to it. He could not be subjected to the annoyance and expense of a lawsuit, or be deemed wrongfully in possession, until demand had been made and surrender

refused.   *Vide* annotations to section 13080, 3 Comp. Laws 1915.

The judgment must therefore be reversed, with costs to defendant, and a new trial granted.

MOORE, WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.