JAMES L. BRUNO, BY AND THROUGH JAMES BRUNO, HIS
FATHER AND NEXT FRIEND, APPELLEE, V. TIMOTHY
KELLY, A MINOR, ET AL., APPELLANTS, IM-
PLEADED WITH MR. & MRS. BRAD KELLY
ET AL., APPELLEES.

258 N. W. 2d 816

Filed October 26, 1977. No. 41164.

Robert H. Beach, for appellants.

Dolan & Dinsmore by Daniel G. Dolan, for appellee Bruno.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This action for damages for an assault and battery was commenced in the municipal court of Omaha, Douglas County, Nebraska. After trial judgment was rendered for the plaintiff in the sum of $1,016.83. An appeal was taken to the District Court where, upon the record made in the municipal court, the judgment against four of the defendants was affirmed. On appeal to this court the following alleged errors have been assigned: (1) The municipal court erred in not sustaining the demurrer of the defendants which was founded upon the premise that the municipal court had no jurisdiction because the amount of the damage prayed for exceeded the jurisdiction of the municipal court under the provisions of section 26-117, R. R. S. 1943, which grants the municipal court jurisdiction in civil actions where the "sum in question does not exceed five thousand dollars." (2) The amount of damages rendered is excessive. We affirm.

In his petition the plaintiff prayed for special damages in the amount of $516.83, plus general damages in an amount unspecified, plus costs. The defendants argue that, since the prayer is open-ended, the plaintiff in effect asks damages in an unlimited

amount, hence the monetary jurisdictional limit of $5,000 of the municipal court was exceeded, and that as a consequence that court had no jurisdiction. It would follow, of course, that if the municipal court had no jurisdiction, then the District Court on appeal acquired no jurisdiction. Bates & Co. v. Stanley, 51 Neb. 252, 70 N. W. 972.

In a civil action for money judgment in a court of limited jurisdiction, it is the amount claimed by the plaintiff which determines the jurisdiction of the court over the subject matter. Johnson v. Washburn, 146 Neb. 335, 19 N. W. 2d 563. The amount claimed is normally determined by the prayer of the petition, or the summons, or both. Bates & Co. v. Stanley, *supra.*

We hold that where the sum in question is not specified in the petition or the summons, the court has jurisdiction, but may not render judgment for a sum in excess of the jurisdictional amount even though damages in excess of that amount might be proved. In such circumstances the plaintiff, by choosing the forum, waives whatever right he may have had to recover more than the jurisdictional amount. Bates & Co. v. Stanley, *supra;* Ker v. Stern, 107 Misc. 4, 175 N. Y. S. 475.

As to the defendants' second assignment of error, an examination of the evidence considered by the municipal court and District Court indicates no grounds for holding the judgment excessive. Where a law action is tried to the court without a jury, the finding of the court has the effect of a jury verdict and will not be disturbed on appeal unless clearly wrong. Brandt v. Mayer, 196 Neb. 751, 246 N. W. 2d 203.

AFFIRMED.